UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Nicholas D Lettie and
Angela M Renier-Lettie,

Debtors.

Case No. 18-24510-beh

Chapter 13

**DECISION AND ORDER DENYING MOTION TO VACATE
NOVEMBER 19, 2018 ORDER GRANTING APPLICATION FOR
COMPENSATION OF ATTORNEYS' FEES**

The debtors' counsel have asked this Court—via a motion to vacate the Court's prior order granting their application for compensation—to direct the Chapter 13 trustee to pay counsel's approved fees before the debtors proceed with their imminent intent to convert their case to Chapter 7. CM-ECF Doc. No. 55. The debtors were unable to achieve a confirmed plan, largely because of limited income and a recent fire loss on their uninsured home. *See In re Lettie*, 2018 WL 3636827, No. 18-24510 (Bankr. E.D. Wis., July 30, 2018). Although the Court grants reconsideration of the November 19, 2018 order, on reconsideration it denies the request to authorize payment of allowed administrative expenses preconfirmation and in anticipation of conversion, in line with *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015).

## BACKGROUND

The debtors filed their Chapter 13 case on May 7, 2018. Their counsel first submitted a fee application, CM-ECF Doc. No. 39, on October 17, 2018. The request stated "[c]ounsel believes that interim compensation will not create an undue hardship on any party, since payments can be made in the usual course of the Chapter 13 plan." *Id.*, at 4. The application requests "this amount to be paid as an administrative claim by the Chapter 13 Trustee pursuant to 11 U.S.C. § 330(a), 503(b), and 1326." Counsel's proposed order likewise asked that fees be paid through the debtors' plan. CM-ECF Doc. No.

41, at 2.  The proposed order, but not the application, added that "if the Debtors' case is dismissed, or converted, before this claim is paid in full, the Trustee will pay this administrative priority claim prior to refunding any funds to the Debtor." *Id.*  The Court deleted that last sentence,[1] and, on November 19, 2018, simply ordered that counsel's fees be paid through the plan.  CM-ECF Doc. No. 43.

But there was no confirmed plan at the time the fee order was signed.  That same day, the trustee objected to confirmation of the debtors' plan, an objection the Court sustained.  The Court's December 10, 2018 order (docketed on December 11) required the debtors to file an amended plan or convert their case to Chapter 7 on or before December 28, 2018.  CM-ECF Doc. No. 48.

On December 21, 2018, the debtors' counsel filed correspondence, noting the differences between their original proposed fee order and the edited order signed by the Court.  Counsel stated "the original Application should have been clearer as to the Debtors' intentions.  The Debtors are under an existing Order to convert the case or file a Modified Plan. . . . Counsel wishes to be paid the awarded fees upon conversion of the case."  CM-ECF Doc. No. 50.  Counsel attached another copy of their original proposed order for fees, and asked the Court to vacate its November 19, 2018 order, and instead enter the originally proposed order with the alternative language about payment.

On December 28, 2018, the Court directed counsel to file their letter request in the form of a formal motion with supporting memorandum.  The Court also directed counsel to address *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015), and the ensuing split among courts on the question of whether the Chapter 13 trustee can pay approved administrative expenses when a pre-

---

[1] The order signed by the Court on November 19, 2018, and docketed on November 20, is largely consistent with the form order appearing on the bankruptcy court's website, https://www.wieb.uscourts.gov/sites/default/files/chambers/svk/Sample Order on Fee App_0.pdf under the Local Sample Forms link, Chapter 13 General Forms section, Order Allowing Compensation to Debtor's Attorneys.  The form order bears a caution at the bottom: "Implying or stating that the unpaid administrative claim will be paid before refunding to the Debtor on CONVERSION may violate Harris v. Viegelahn, 135 S. Ct. 19820 (sic) (2015)."

confirmation case is to be converted to Chapter 7.[2]  The Court requested a responsive memorandum from the trustee, and extended the time for the debtors to amend their plan or convert.  CM-ECF Doc. No. 52.

Counsel thereafter submitted a motion to vacate and memorandum of law.  CM-ECF Doc. Nos. 55, 54, 57.  The motion reiterated that "it is the intention of the debtors to convert this case to a Chapter 7 bankruptcy prior to confirmation, and counsel therefore wishes to be paid the approved fees prior to conversion. . . .  Should the Court agree the approved fees can be paid prior to conversion, any remaining funds the Trustee is holding above and beyond the fees awarded and paid to counsel will be paid to debtors upon conversion."  The motion also stated, "[c]ounsel for debtors hereby requests that the order is corrected so as to account for the likelihood that this case will be converted to Chapter 7, and that any approved fees are paid to counsel prior to conversion."  CM-ECF Doc. No. 55, at 1.

The trustee also filed a legal memorandum.  CM-ECF Doc. No. 58.  The Chapter 13 trustee has $5,735.88 on hand.  The fee application seeks $2,750.00.  No parties have objected.

## DISCUSSION

**1.  Rule 60 Standard**

The debtors' counsel filed a motion to vacate this Court's order of November 19, 2018, an order which allowed counsel's fees to be paid through the debtors' plan.  Counsel's motion cites Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, to

---

[2]  *See, e.g.*, Robert E. Ginsberg, Robert D. Martin & Susan V. Kelley, *Ginsberg and Martin on Bankruptcy* § 15.07[C][2], noting that "courts issued conflicting decisions on whether the debtor or the creditors were entitled to undistributed plan payments [in Ch. 7 case converted from a Ch. 13] and the Supreme Court settled the matter in 2015, ruling that the debtor is entitled to return of the funds held by the trustee.  Courts are now divided over whether the trustee can pay administrative expenses such as the debtor's attorney before refunding funds to the debtor; most courts hold that compensation can be paid to an attorney only on a pre-confirmation *dismissal*, when the attorney's compensation has been allowed as an administrative claim under § 503(b)."  (Emphasis supplied.)

support their request to vacate due to "an omission from that order, as well as any other reason that justifies relief." CM-ECF Doc. No. 55, at 1.

Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The bankruptcy court may correct an order under Rule 60(a) if the error was mechanical in nature and not the result of a deliberate choice, and the correction reflects the intent of the bankruptcy court at the time it entered the order. *In re McClellan*, 459 B.R. 371, 373 (Bankr. E.D. Wis. 2011), *citing* Wright & Miller, *Federal Practice and Procedure* § 2854 at 441 (2d ed. 1995, Supp. 2011).

It is not clear from the motion to vacate if the error asserted is that the Court mechanically omitted a sentence from counsel's proposed order, or if the asserted error is counsel's own "lack of clarity" in the original application— "Counsel now realizes that the original Application should have been clearer as to the Debtors' intentions. . . . Counsel wishes to be paid the awarded fees upon conversion of the case." CM-ECF Doc. No. 50. Attorney oversight rarely warrants relief from an order. *In re Kellogg*, 197 F.3d 1116, 1120 n.3 (11th Cir. 1999) (addressing Rule 60 relief generally). In any event, and as will be discussed further below, the Court's deletion of one sentence from counsel's proposed order was consistent with the application requesting that fees be paid through the plan and was a deliberate edit by the Court. If an error of "substantive judgment" is alleged, correction of such errors is outside the ambit of Rule 60(a), *see In re Whelan*, 582 B.R. 157, 167 n.16 (Bankr. E.D. Tex. 2018). Accordingly, Rule 60(a) is not a basis to vacate the November 19, 2018 order.

Rule 60(b), also cited by the Letties' counsel, provides other grounds for relief from an order. On motion and just terms, the Court may relieve a party from a final order for:

   (1)   mistake, inadvertence, surprise, or excusable neglect;

   (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4)   the judgment is void;

   (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6)   any other reason that justifies relief.

The first five clauses and the catchall clause, clause (6), are mutually exclusive, so that if the asserted grounds for relief fall within one of the first five clauses, relief under the catchall section is not available. *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998). Counsel's motion invokes the catchall section. Courts repeatedly caution, however, that Rule 60(b), and thus Rule 9024, "'is an extraordinary remedy' which is to be granted only 'in exceptional circumstances.'" *In re Dorff*, 480 B.R. 919, 922 (Bankr. E.D. Wis. 2012) (citations omitted).

Counsel has effectively conceded that exceptional circumstances are absent: "Counsel now realizes that the original Application should have been clearer as to the Debtors' intentions." Counsel submitted the application and plainly and solely asked that fees be paid as part of the debtors' plan. Although the relief sought in counsel's application and proposed order didn't match up exactly, the Court edited the order before entering it. If Rule 60(b)(6), the catchall provision, is mutually exclusive of 60(b)(1), which concerns mistake or neglect, *see Webb v. James*, 147 F.3d at 622, then counsel's err in "lack of clarity" cannot constitute the exceptional circumstances envisioned by Rule 60(b)(6) to otherwise justify relief.

But there may be another circumstance that could justify relief. Arguably, a portion of the Court's own directive to counsel to follow proper procedure, and seek reconsideration or vacation of an order not by letter but by formal motion, could have created a basis to justify reconsideration under Rule 60(b)(6). It is the second part of the Court's December 28, 2018 directive, the part which requested both the debtors' counsel and the Chapter 13 trustee to address the *Harris v. Viegelahn* holding and progeny, that could be read to open the door to reconsideration. Accordingly, the Court will take a second look.

## 2.   Counsels' Argument on Reconsideration

The debtors' counsel contend that *Harris v. Viegelahn* does not preclude payment of approved fees upon conversion, but simply requires that any such approved fees must be paid before the conversion, citing 135 S. Ct. 1829, 1837–38 (2015). Counsel also cite *Molloy v. Sikes*, No. CV 16-0218, 2018 WL 794708 (W.D. La. Feb. 7, 2018). There, a bankruptcy court denied a Chapter 13 debtor's counsel's request for fees, after the debtor had filed a request to convert the case to a Chapter 7 before any plan confirmation. The district court reversed, finding that the bankruptcy court had abused its discretion in applying the rationale of *Harris* to deny the fee application. The *Molloy* court disagreed that a historical practice of requiring confirmation before approving fee requests was a sufficient basis, citing the high failure rate of Chapter 13 cases. 2018 WL 794708, at *6.

Next, the Letties' counsel argue that 11 U.S.C. section 330 is silent as to whether confirmation is required before a Chapter 13 trustee may pay counsel fees. Counsel look for support from *In re Woerner*, 783 F.3d 266, 274 (5th Cir. 2015), to argue that section 330 contemplates that counsel ought to be reimbursed, even if unable to achieve the desired result for his or her client. A "good gamble" should be compensated. *See* CM-ECF Doc. No. 54, at 4.

As a last argument, the debtors' counsel note that 11 U.S.C. section 331 permits interim compensation, even occasionally in Chapter 13 cases. Counsel

assert that "nothing in section 331 requires confirmation of the plan as a prerequisite to awarding interim compensation."

While not advocating a particular outcome, the Chapter 13 trustee filed a memorandum outlining some of the caselaw on either side of the fee disbursement question. First, the trustee points to *In re Brandon*, 537 B.R. 231 (Bankr. Md. 2015) and *In re Hayden*, No. 15-12619-BMW, (Bankr. D. Ariz. June 18, 2018), *order amended and superseded*, No. 4:15-BK-12619-BMW, 2018 WL 3157020 (Bankr. D. Ariz. June 25, 2018). According to the trustee, those cases involve Chapter 13 debtors who converted their cases, pre-confirmation, to Chapter 7 cases. In *Brandon*, 537 B.R. at 238, the Maryland bankruptcy court noted "*Harris* does not preclude the court from directing Chapter 13 trustees to pay funds remaining in their possession to debtor's counsel up to the amount of the attorney's fee allowed in cases that are dismissed or converted prior to confirmation of a Chapter 13 plan." *Brandon* agreed with *In re Michael*, 699 F.3d 305 (3d Cir. 2012), and both courts relied on the third sentence of 11 U.S.C. § 1326(a)(2), "[i]f a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." *In re Hayden* concluded that "the decision in the *Harris* case does not preclude this Court from approving the payment of allowed administrative expenses, including attorneys' fees, from funds held by the Chapter 13 trustee in a case converted to Chapter 7 prior to confirmation." 2018 WL 3047782, at *4.

The trustee then acknowledged that a number of courts disagree with *Brandon* and *Hayden*, and require that funds be returned to the debtor upon conversion, including *In re Beckman*, 536 B.R. 446 (Bankr. S.D. Cal. 2015); *In re Sowell*, 535 B.R. 824 (Bankr. D. Minn. 2015); and *In re Beauregard*, 533 B.R. 826 (Bankr. D.N.M. 2015). Similarly, a more recent decision granted the administrative claim of the debtor's counsel for fees, but denied the request that the Chapter 13 trustee be ordered to pay plan payments she had on hand

to cover the attorney fees. *In re Brown*, No. 18-00189, 2019 WL 122832 (Bankr. D.D.C. Jan. 7, 2019). In *Brown*, the debtor converted his case on the same day his counsel filed the application for administrative expenses.

## ANALYSIS

At the outset, it should be clear that whether counsel ably represented Mr. and Mrs. Lettie is not at issue. The record amply manifests counsel's efforts to advocate for these debtors—not only the filing of the petition and a proposed plan, but preparation of a motion to continue the stay, marshalling of several affidavits, and appearance at several hearings and § 341 meetings. These items necessarily required multiple discussions with the debtors themselves, other witnesses, and communication with the debtors' primary creditor as well as with the Chapter 13 trustee. Dealing with the debtors' housefire on the eve of a motion to continue the stay hearing, while primarily traumatic for the debtors, certainly required additional advocacy resources from counsel.

The legal question presented, whether the trustee can pay allowed fees on the eve of conversion when no plan has been confirmed, assumes that the initial inquiries of reasonable and beneficial service to the debtor, under 11 U.S.C. § 330, are satisfied. Moreover, the Court does not read counsel's Rule 60(b) motion to seek to vacate the conclusion that fees were reasonable. That conclusion stands.

Second, counsel argues briefly that interim compensation is allowed in some instances, citing 11 U.S.C. § 331. But section 331 itself has little bearing on the present question, as, despite counsel's argument now, the instant application cannot fairly be read to seek "interim" payment. One sentence in the application does use the term: "Counsel believes that interim compensation will not create an undue hardship on any party, since payments can be made in the usual course of the Chapter 13 plan." CM-ECF Doc. No. 39, at 4. But that statement is internally inconsistent. Interim compensation under § 331 is paid at a discrete juncture, and not via monthly plan payments. And, the

application cites only 11 U.S.C. sections 330(a), 503(b) and 1326, and Bankruptcy Rule 2016, but not section 331.[3] Even by analogy, section 331 is not persuasive authority to convince the Court that ordering a Chapter 13 trustee to pay counsel's full fee request, without a confirmed plan and on the eve of conversion, is permissible under *Harris v. Viegelahn*.

In *Harris*, the debtor exercised his one-time right to convert his Chapter 13 case to a Chapter 7 proceeding, without starting a new case. *See* 135 S. Ct. at 1836; 11 U.S.C. § 1307(a). Prior to the conversion, debtor Harris had begun making monthly payments to the trustee. Shortly after his request to convert, Harris asked that the funds held by the Chapter 13 trustee be returned to him and not be made available for payment to creditors. Ultimately, the Supreme Court agreed with Harris, reading 11 U.S.C. section 348(f)(1)(A) to require that post-petition wages held by a Chapter 13 trustee at the time the case is converted to Chapter 7 must be returned to the debtor.[4] 135 S. Ct. at 1837.[5] The Court discerned a policy of shielding a Chapter 7 debtor's post-petition earnings from creditors to enable the "honest but unfortunate debtor" to make the "fresh start" targeted by the Bankruptcy Code. *Id.* at 1838 (internal quotation marks omitted).

---

[3] Persuasive caselaw recognizes that the text of section 331, which provides court discretion to award interim compensation where counsel has been employed under section 327, is seldom if ever applicable to Chapter 13 counsel, whose employment need not be approved by the bankruptcy court. *See, e.g., In re Stevens*, No. 05-12056 MER, 2006 WL 2711467, *1-2 (Bankr. D. Colo. Sept. 14, 2006).

[4] 11 U.S.C. § 348 (f)(1) provides: Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title – (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;

[5] The Supreme Court also explained the exception for bad faith conversions, a topic not at issue in the instant case. *Id.* at 1837–38.

The Supreme Court found additional support in section 348(e). That section states: "Conversion [from Chapter 13 to Chapter 7] terminates the service of [the Chapter 13] trustee." The *Harris* Court explained:

> A core service provided by a Chapter 13 trustee is the disbursement of "payments *to creditors*." § 1326(c) (emphasis added). The moment a case is converted from Chapter 13 to Chapter 7, however, the Chapter 13 trustee is stripped of authority to provide that "service." § 348(e).
>
> Section 348(e), of course, does not require a terminated trustee to hold accumulated funds in perpetuity; she must . . . return undistributed postpetition wages to the debtor. Returning funds to a debtor, however, is not a Chapter 13 trustee service as is making "paymen[t] to creditors." § 1326(c).

135 S. Ct. at 1838. Here, debtors' counsel seek an order for payment of the allowed fees shortly before the "moment" of conversion, but clearly it is their clients' intent to convert. The other possible junctures for payment – through a confirmed plan, or upon dismissal, are either not intended, not imminent, or are foreclosed.

*In re Molloy*, another case cited by debtors' counsel, framed two narrow questions: whether *Harris v. Viegelahn* precludes the payment of attorneys fees in a Chapter 13 case prior to conversion to a Chapter 7 case, and whether the bankruptcy court erred as a matter of law when it found it could not award attorney fees in a Chapter 13 case, prior to confirmation and prior to conversion to Chapter 7 or dismissal. But *Molloy* only talked around the first question, stating: "The ruling in *Harris* does not preclude payment of attorney's fees in a Chapter 13 case prior to the conversion," 2018 WL 794708, at *3; "The Supreme Court's ruling in *Harris* is narrow and concise. Nothing in the ruling indicates that administrative fees of the Chapter 13 case cannot be distributed prior to the conversion," *id.*; "Nothing in the Supreme Court's decision, nor in § 348, prevents the awarding and payment of compensation for attorney fees prior to the conversion of the Chapter 13 case to one under Chapter 7. . . . Therefore, this Court finds that *Harris* does not preclude the payment of attorney fees in a Chapter 13 case prior to the conversion of the case to one

under Chapter 7," *id.* But all of the above is dicta. The *Molloy* court conceded that it was considering only allowance, and not payment, of fees: "The question before us is not whether the Trustee would make the distribution before a Chapter 13 case is converted to one under Chapter 7, but whether the Bankruptcy Court erred when it ruled it could not award attorney fees in a Chapter 13 case prior to a dispositive event." *Id.* at *6. *Molloy* did not explain *how* the Code would permit the trustee to distribute any such fees awarded. In short, the actual holding of *Molloy* does not aid counsel's request here.

      Another court tried to distinguish *Harris* based on whether the debtors had achieved plan confirmation. In *Brandon*, also cited by the Letties' counsel, the court analyzed § 1326(a)(2)[6] to conclude that the third sentence of § 1326(a)(2) "specifically deals with disposition of plan payments 'if a plan is not confirmed.' It does not follow that after *Harris* a Chapter 13 trustee must comply with a portion of this sentence (return pre-confirmation plan payments to the debtor), but ignore another portion of that same sentence (after deducting funds needed for payment of allowed administrative expenses claims)." 537 B.R. at 237. Although the *Brandon* decision lends support to the debtors' counsel's position, it is in the clear minority and has been rejected by a number of other courts. *See, e.g., In re Brown*, No. 18-00189, 2019 WL 122832, at *2 (Bankr. D.D.C. Jan. 7, 2019) (disagreeing with the *Brandon* court's reliance on § 1326(a)(2) as a basis to allow payment of administrative expenses in a preconfirmation converted case: "Contrary to [the *Brandon* court's] reasoning, it is not the third sentence of § 1326(a)(2) that requires the return of the funds to the debtor. Instead, it is the reversion of the funds to being property of the debtor pursuant to § 348(f) that requires their return to

---

[6] 11 U.S.C. § 1326(a)(2) states: A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

the debtor, even though § 348(f) does not expressly require their return to the debtor."); *see also supra* n.2, *Ginsberg and Martin on Bankruptcy* § 15.07[C][2].

As noted above, the trustee has cited several cases that do not read *Harris* to permit the trustee to pay counsel fees at conversion (but recognize that counsel could file a claim against the Chapter 7 estate). *See, e.g. In re Sowell*, 535 B.R. 824 (Bankr. D. Minn. 2015) (where case converted before plan was confirmed, trustee could not distribute plan payments to debtor's counsel for approved administrative claims); *In re Beauregard*, 533 B.R. 826 (Bankr. D.N.M. 2015) (the ruling in *Harris* means that on conversion, funds must be turned over to debtors without payment of unpaid debtor's attorney fees); and *In re Beckman*, 536 B.R. 446 (Bankr. S.D. Cal. 2015) (trustee cannot distribute funds on hand to pay adequate protection claims for debtor's counsel).

A number of other courts beyond those noted by the trustee likewise hold that a Chapter 13 trustee cannot pay counsel fees on conversion. Those cases include *In re Post*, 572 B.R. 678 (Bankr. W.D. Mich. 2017) (Chapter 13 debtors' counsel fees were reasonable and could be approved as administrative expense, but would not be paid from funds held by Chapter 13 trustee on conversion; counsel could file a claim against the Chapter 7 estate, citing 11 U.S.C. § 726(b)); *In re Ivey*, 568 B.R. 85 (Bankr. E.D. Ark. 2017) (on conversion, trustee must return all funds to the debtor without paying attorneys fees, whether or not plan had been confirmed); *In re Hoggarth*, 546 B.R. 875 (Bankr D. Colo. 2016) (trustee had to return undistributed funds to debtor without paying administrative expenses, whether or not plan had been confirmed); and *In re Vonkreuter*, 545 B.R. 297 (Bankr. D. Colo. 2016) (trustee must return post-petition earnings to debtor without paying administrative expenses, in both confirmed and unconfirmed cases).

These latter decisions, which refuse to distinguish *Harris* based on whether a plan is confirmed or not, are the better-reasoned. This Court agrees with the growing majority that *Harris* applies equally to cases converted from Chapter 13 to Chapter 7 after confirmation and prior to confirmation. To adopt

the reasoning of *Brandon* and rely on section 1326(a)(2) to allow payment of fees in a preconfirmation converted case would ignore the *Harris* court's sweeping statement that "no chapter 13 provision holds sway" after conversion. 135 S. Ct. at 1838.

But this conclusion does not fully resolve the question before the Court; because the Letties' case is on the verge, but has not yet been converted to a Chapter 7, the Chapter 13 provisions still "hold sway." Those provisions, however, do not authorize the relief that counsel has requested: a prospective, pre-conversion order directing the Chapter 13 trustee to distribute attorneys' fees prior to an impending conversion.[7] Section 1326(a)(2) governs the trustee's payment of claims in a Chapter 13 case—including administrative claims for attorney's fees. That section of the Code mandates that plan payments made to the trustee "*shall* be retained by the trustee until confirmation or denial of confirmation." 11 U.S.C. § 1326(a)(2) (emphasis added). And confirmation of the plan is what allows the trustee to begin distributing those payments: "If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." *Id.* There is no other mechanism in Chapter 13 of the Code to allow the trustee to distribute plan payments.[8]

The Supreme Court has "long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the

---

[7] The Court has located only one other (unreported) case dealing with a similar, prospective preconversion payment request by counsel: *In re Ulmer*, No. 15-30220, 2015 WL 3955258 (Bankr. W.D. La. June 26, 2015). In *Ulmer*, the debtor's counsel filed an application for approval of administrative expenses prior to plan confirmation, but also requested that the approval order authorize the Chapter 13 trustee to pay the fees from funds on hand, explaining: "The debtor is *considering a dismissal or conversion* of this case." 2015 WL 3955258, at *1 (emphasis in original). The bankruptcy court denied the request for prepayment before conversion. Citing to *Harris v. Viegelahn*, but without further analysis, the court held: "To the extent the Motion seeks pre-authorization for payment of administrative expenses preconfirmation and in anticipation of conversion, that Motion is denied." *Id.* The court later added: "The Trustee must comply with *Harris v. Viegelahn, supra,* if the case is converted." *Id.* at 2.

[8] The same is not true when a case is dismissed, rather than converted, preconfirmation. *See, e.g., supra* n.2, *Ginsberg and Martin on Bankruptcy* § 15.07[C][2].

confines of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421 (2014) (*quoting Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). Ordering the trustee to distribute funds in a manner that is not authorized by, and inconsistent with, the payment scheme outlined by the Code—and which favors one administrative claimant creditor over all other creditors—is beyond the Court's equitable powers under 11 U.S.C. section 105(a).

## CONCLUSION

The Supreme Court noted in *Harris* "the 'fortuity' . . . that a 'debtor's chance of having funds returned' is 'dependent on the trustee's speed in distributing the payments' to creditors"—contrasting a trustee who distributes payments regularly (and thus may have little or no accumulated wages to return to the debtor) with one who distributes payments infrequently (possibly entitling a debtor who converts to Chapter 7 to a sizable refund)—but explained that these (disparate) outcomes "follow directly from Congress' decisions to shield postpetition wages from creditors in a converted Chapter 7 case, § 348(f)(1)(A), and to give Chapter 13 debtors a right to convert to Chapter 7 'at any time,' § 1307(a)." 135 S. Ct. at 1839.

A similar "fortuity" of circumstance and timing has come into play here. The Letties might have had their plan confirmed, and their counsel paid regularly through the plan, had not the extensive house fire occurred so early in their case. Ultimately, the outcome is consistent with congressional intent to shield post-petition wages from creditors in a converted Chapter 7 case, and debtors like the Letties have the right to convert at any time. Unfortunately, the fire at the Letties' uninsured home means they intend to exercise that right early, before a plan can be confirmed and any plan payments distributed to creditors or administrative claimants.

The Court appreciates that representation of Chapter 13 debtors who may not attain plan confirmation, and who may even face a need to convert to Chapter 7, carries some financial risk for debtors' counsel. *See, e.g.,* Post-Harris Fee Review, National Consumer Bankruptcy Rights Center, found at

http://www.ncbrc.org/blog/2015/10/30/post-harris-attorney-fee-review/; *see also Beauregard,* 533 B.R. at 832 ("We are mindful of the hardship *Harris* may impose on attorneys representing debtors in Chapter 13 cases, and of the deleterious effect *Harris* could have on the willingness of attorneys to represent debtors in Chapter 13 cases."); *Ivey,* 568 B.R. at 96 ("The Court is acutely aware that the extension of *Harris* to pre-confirmation cases may result in harsh consequences for bankruptcy attorneys who represent Chapter 13 debtors."); *Hoggarth,* 546 B.R. at 879 ("The Court is mindful that its ruling creates a very real hardship for attorneys representing chapter 13 debtors."). But the Court is bound by the language of the Code, and it is up to Congress to consider a legislative fix to allow Chapter 13 attorneys like the Letties' counsel to receive attorneys' fees for work performed in a Chapter 13 case that is converted, or about to be converted, prior to confirmation.

## ORDER

For the foregoing reasons, the request for reconsideration is GRANTED, but on reconsideration, IT IS HEREBY ORDERED that the debtors' counsel's request that the Court vacate its November 19, 2018 order and further order the Chapter 13 trustee to pay allowed administrative expenses prior to the impending conversion of this case to Chapter 7 is DENIED.

Dated: February 22, 2019

By the Court:

*[signature]*

Beth E. Hanan
United States Bankruptcy Judge